IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Annie Brewster, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 6:04-22174-HMH-WMC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Annie Brewster ("Brewster") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. In his Report, Magistrate Judge Catoe recommends reversing the Commissioner's decision and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. For the reasons stated below, the court adopts the Magistrate Judge's Report in part and remands this case for further proceedings.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 13-22), and summarized as follows. At the time of the hearing before the ALJ, Brewster was a fifty-three-year-old woman with a high school education. (Id. at 13.) Her past employment includes "print shop worker-prep plate art film." (Id.) She alleges disability due to arthritis in her back, legs, and feet. (Id.)

On May 28, 2002, Brewster filed an application for DIB. (Id. at 66-68.) The application was denied initially and on reconsideration. On June 17, 2004, after a hearing on February 26, 2004, the ALJ found that Brewster was able to perform past relevant work and was not disabled. (R. at 13.) On August 6, 2004, the Appeals Council denied Brewster's request for review. (Id. at 4.) Brewster filed the instant action on September 10, 2004.

## II. The Report and Recommendation

The Magistrate Judge recommends reversing the Commissioner's decision and remanding the case for a proper evaluation of the treating physician's opinion and consideration of Brewster's subjective complaints. The Magistrate Judge states that the ALJ erred in: (1) disregarding the opinion of Dr. Rosa Jimenez ("Jimenez"), Brewster's primary care physician, "without properly considering the appropriate weight, if any, to give her opinion"; and (2) failing to properly consider Brewster's subjective complaints of pain. (Report and Recommendation 13, 15.)

### III. DISCUSSION OF THE LAW

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). In other words, the court "must uphold the factual findings of the Secretary [only] if they are supported by substantial evidence *and* were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (emphasis added).

"Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (internal quotation marks omitted). Hence, if the Commissioner's finding is supported by substantial evidence, the court should uphold the finding even if the court disagrees with it. See id. However, "a factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

#### B. Objections

The Commissioner filed objections to the Magistrate Judge's Report. First, the Commissioner objects to the Magistrate Judge's determination that the ALJ improperly discounted the opinion of Brewster's treating physician, Dr. Jimenez. Specifically, the Commissioner argues the ALJ's determination with regard to Dr. Jimenez was proper and supported by substantial evidence. (Objections 1.) The Commissioner asserts that a determination of disability is reserved for the ALJ. Brewster filed a reply to the

3

Commissioner's objections, arguing that the court should adopt the Magistrate Judge's Report.

The Magistrate Judge found that "the ALJ disregarded the opinion of Dr. Jimenez without properly considering the appropriate weight, if any, to give her opinion" under the factors set forth in 20 C.F.R. § 404.1527(d)(2)-(5), as required by Social Security Ruling ("SSR") 96-2p (1996). (Report and Recommendation 13.) SSR 96-2p provides that "[a] finding that a treating source's medical opinion is not entitled to controlling weight does not mean that the opinion is rejected. It may still be entitled to deference and be adopted by the adjudicator." 1996 WL 374188, at *1 (1996). In addition,

> a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR [§§] 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

Id. at *5. The factors set forth in 20 C.F.R. § 404.1527(d) are: (1) "the length of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of the treatment relationship"; (3) the supportability of the treating physician's opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the treating physician is a specialist in the area in which he is offering an opinion; and (6) any other relevant factors.

"Several federal courts have concluded that an ALJ is required to consider each of the § 404.1527(d) factors when the ALJ intends to reject or give little weight to a treating specialist's opinion." Newton v. Apfel, 209 F.3d 448, 456 (5th Cir. 2000). The Fifth

4

Circuit in Newton held that "an ALJ is required to consider each of the § 404.1527(d) factors before declining to give any weight to the opinions of the claimant's treating specialist." Id.; see also Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) (finding that if the treating physician's opinion is not accorded controlling weight, an ALJ must apply the factors set forth in 20 C.F.R. § 404.1527(d) to determine what weight to give the opinion); Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995); Dwyer v. Apfel, 23 F. Supp. 2d 223, 228 (N.D.N.Y. 1998); Amidon v. Apfel, 3 F. Supp. 2d 350, 355-56 (W.D.N.Y. 1998).

In addition, the Tenth Circuit recently held in Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004), that an ALJ must "specify what *lesser* weight" a treating physician's opinion was afforded. The court noted that "[c]ontrary to the requirements of Soc. Sec. R. 96-2p, the ALJ did not discuss any of the relevant factors set forth in 20 C.F.R. §§ 404.1527 and 416.927. The ALJ clearly gave [the treating physician's] opinion some weight, because he relied on it for his opinion that claimant was stable on medication." Id. However, "[t]he ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability." Id. The court remanded the case "[b]ecause the ALJ failed to provide any explanation of how he assessed the weight of the treating physician's opinion, as required by Soc. Sec. R. 96-2p," and the court could not "simply presume the ALJ applied the correct legal standards in considering [the treating physician's] opinion." Id. (internal quotation marks omitted).

After determining that Dr. Jimenez's opinion was entitled to no controlling weight, the ALJ failed to consider what weight, if any, to afford her opinion based on the factors set forth

5

in 20 C.F.R. § 404.1527(d).  In accord with the cases cited above and SSR 96-2p, the court finds that the ALJ must weigh the value of Dr. Jimenez's opinion under the factors set forth in 20 C.F.R. § 404.1527(d).  As such, this case is remanded to allow the ALJ to properly evaluate Dr. Jimenez's opinion.

Second, the Commissioner objects to the Magistrate Judge's determination that the ALJ failed to properly evaluate Brewster's subjective complaints of pain.  Subjective complaints of pain are evaluated under the test articulated in Craig, 76 F.3d at 594-95.

"[T]he determination of whether a person is disabled by pain or other symptoms is a two-step process."  Id. at 594.  "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and *which could reasonably be expected to produce the pain or other symptoms alleged*."  Id. (internal quotation marks omitted).  Only after a claimant has met the threshold showing of a medical impairment likely to cause pain, "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated."  Id. at 595.  In making these determinations,

> [i]t is not sufficient for the adjudicator to make a single, conclusory statement that the "individual's allegations have been considered" or that " the allegations are (or are not) credible."  It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p, 1996 WL 374186, at *2 (1997).  The ALJ did not satisfy the first step in this inquiry.  The ALJ stated that "[t]he medical evidence indicates that the claimant has obesity

6

and diabetes mellitus, impairments that are severe within the meaning of the [Social Security regulations]." (R. at 18.) However, the ALJ did not specifically link his finding to the existence of pain.

Without satisfying the first step, it appears that the ALJ considered the second step of the Craig test. In evaluating Brewster's subjective complaints of pain, the ALJ stated as follows:

> Despite the claimant's contention that she is disabled due to her impairments, the documentary evidence from treating physicians, non-treating physicians, and consultative examiners establishes that the claimant is capable of some types of work. The claimant has had pain with certain motions in her back and degenerative changes on diagnostic studies, however, her motor strength are [sic] 5/5 and her sensory examination is intact. Additionally, as indicated below, the claimant told Dr. Anderson, a consultative examiner, that she takes care of her grandson. It appears from the evidence of record that with the use of medication, the claimant experiences little effect or limitation in every day life.

(R. at 17.) Further, the ALJ noted that Brewster "said she lives with her husband and five-year-old grandson. She said her son's child lives with her, but indicated that a neighbor comes in to care for him daily. She said she is not left alone with her grandson." (Id. at 18.) Moreover, the ALJ stated that "the testimony of the claimant is not fully credible concerning her symptoms and the extent of her limitations. [Brewster] told Dr. Anderson, the consultative examiner that she takes care of her grandson, which contradicts her testimony that a neighbor takes care of him." (Id.) In addition, the ALJ noted that "many of [Brewster's] treatment records reflect that she had subjective complaints of pain, but the objective findings did not support her level of pain complaints." (Id. at 19.) In particular, "[t]he progress notes reflect that the treatment the claimant received improved her condition

7

and support the finding that [Brewster] can perform the residual functional capacity as determined by" the ALJ.  (Id.)

Without addressing whether the ALJ satisfied the Craig test, the Magistrate Judge found that Brewster's statement to Dr. Anderson did not contradict Brewster's testimony, "given that [Brewster] has custody of the grandson and, even if she does have daily help, she does care for a grandson in her home."  (Report and Recommendation 15.)  The Magistrate Judge concluded that Brewster's "limited daily activities simply d[id] not contradict her allegations of severe and disabling pain, and the ALJ's reliance on [Brewster's] statement [to Dr. Anderson that she cares for her grandson] in finding her allegations not fully credible was in error."  (Id. 15.)

The court finds that because the ALJ failed to apply the first step in the Craig test, the ALJ's findings are insufficient to satisfy the requirements set forth in Craig and SSR 96-7p. Therefore, the decision of the Commissioner is reversed and the case is remanded pursuant to sentence four of 42 U.S.C. § 405(g).  Based on the foregoing, the court adopts the Magistrate Judge's Report in part.

Therefore, it is

**ORDERED** that the decision of the Commissioner is reversed and this case is remanded to the ALJ for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

                                        s/ Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
January 23, 2006